24,858-06

William McIntosh
688254
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Clerk ,
Abel Acosta
COURT OF CRIMINAL APPEALS
P.O. BOX 12308
Austin, Texas 78711-2308


January 10, 2015


Dear Clerk,

    Please find enclosed a Motion to Compel. Could you please file and
let me know when the above mentioned has been set for a hearing. I have also
enclosed an affidavit of indigency. Thank you for your assistance in this
matter.




Sincerely,

William McIntosh

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

## IN THE
## COURT OF CRIMINAL APPEALS
Austin, Texas

William McIntosh                    §
                                    §        Trial Court no. 20,084-CR
VS.                                 §
                                    §        Appeal Case. No. _____
State of Texas                      §
                                    §

## MOTION TO COMPEL

**TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW, William McIntosh, "Movant", Pro Se and respectfully files this his MOTION TO COMPEL.

### 1.

This most Honorable Court holds injuctive / mandamus subject matter jurisdiction over the issue and parties involved. See, **In re Bonilla**, 424 S.W. 3d _____(Tex.Crim. App. 2014).

### ii.

On May 28, 2014, the Movant sent a letter to the District Attorney of Ellis County requesting ato puchase copies of some of the paperwork involved in his criminal conviction in order to file a 11.0783 habeas corpus .(see attached)

### III.

On December 15, 2014, Movant then notifed the jduge of the 40th Judicial District that the D.A.'s office only sent a letter denying the request under section 552. 223(a)(1) and asking the Judge to order the D.A. to inform the Movant of said costs. (See attached letter to Honorable Bob Carroll).

### IV.

Having notifed the Judge of said court about this the Movant now has no other adequate remedy of law available to him and requests this Court to issue appropriate orders that the District Attorney of Ellis County inform

Movant of the costs so that he may be able to purchase a copy of said records. So that he may file an accurate 11.073 habeas corpus in the interest of justict and so that accuracy over finality may be practiced.

## V.

**WHEREFORE, PREMISES CONSIDERED,** Movant prays this most Honorable court would Grant this motion; entering orderes that Distrct Attorney Patrick Wilson shall supply Movant with a list of how much it will cost to obtain the records asked for in the interest of justice, and to make final adjudication upon Movant's attached MOTION within a reasonable time specified by this Court.

## VI.

I, William McIntosh, TDCJ-ID no. 688254, being confined in the French M. Robertson Unit of the TDCJ-Id system, in Jones County, Texas; do hereby verify and declare under penalty of perjury that the foregoing MOTIN, its STATMENTS and all ATTACHMENTS are true and correct, as well as being offered by myself, in GOOD FAITH. I also attest that I am indigent and unable to pay costs of procesing this MOTION.

SIGNED AND EXECUTED ON THIS the 10th day of January, 2015

Respectfully Submitted,

_____

Movant, Pro Se
William McIntosh 688254
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601

## VII.

I do hereby certify that a true and correct copy of the foregoing Motion has been served upon Patrick Wilson District Attorney of Ellic County via U.S. Mail on this the 10th day of January, 2014.

Willliam McIntosh, Pro se.



# ELLIS COUNTY & DISTRICT ATTORNEY

## PATRICK M. WILSON

ELLIS COUNTY COURTS BUILDING • 109 S. JACKSON • WAXAHACHIE, TX 75165 • (972) 825-5035 • FAX (972) 825-5047

June 4, 2014

William McIntosh
TDCJ-ID #688254
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

Re: **Public Information Request**

Dear Mr. McIntosh:

Please let this serve as a response to your letter dated May 28, 2014. Pursuant to Texas Open Records Act § 552.223(a)(1), a governmental entity is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility. On this date, this office confirmed that you are presently confined in the Robertson Unit of the Texas Department of Criminal Justice.

Sincerely,

M. Ann Montgomery-Moran
Asst. County & District Attorney

MAM/jam

William Arthur McIntosh
Robertson Unit
TDCJ-ID no. 688254
12071 F.M. 3522
Abilene, Texas 79601


Honorable Bob Carroll
Courts Building
309 S. Jackson St. 3rd Floor
Waxahachie, Texas 75165 - 3745

certified Mail no. 7001 2510 0003 1040 2796

Re: Cause no.'s 20,084 CR et al.

December 15, 2014

Sir,

I recently wrote to the District Attorney and requested inormation from the D.A. regarding my criminal conviction, as referenced in the above numbered cause number. He responded back quoting Section 552.223(a)(1) where he does not have to comply with a request from an inmate. (See Attached Letter).

Recently the Texas Court of Criminal Appeals handed downa decision that deals with this type of issue. In Re Rosali Bonilla, 424 S.W. 3d 529 (Tex.Crim. App. 2014). In which the Court stated the following; "For an indigent inmate wishing to pursue an application for a writ of habeas corpus in a non-death case under Article 11.07, as here, ordinarily the burden falls solely on him, without appointment of counsel, to initially file his applic-action. An Applicant will usually only get only one bite of the habeas corpus apple because section 4 of article 11.07 precludes a court from conmsidering the merits of or granting relief based on a asubsequent application unless the application contains sufficient specific facts establishing one of the two limited exceptions to the one-bite rule. See Tex.Code.Crim.Proc. art. 11.07 §4."

"In all likelihood, an applicant will need obtain and review his trial and appellate transcripts to ensure that he considered the entire record so that he may present all his claims at what will likely be his first and only bite at the habeas corpus apple. And the first step to obtaininga transcript is to find out how much it costs. By refusing to tell the relator how much it would cost to purchase a transcript, the district clerk cut off relators ability to prepare and present a complete application for a writ of habeas corpus."

"By depriving relator of the information about the costs to obtai his trial and appellate transcripts, the district clerk's policy invoking section 552.028 deprived relator of the ability to prepare an application for a writ of habeas corpus that included all possible grounds for and thereby denied him the right to access the courts."

This is a similiar situation except tha the information would be use to file a 11.073 writ of habeas corpus which the Texas Court of Criminal Appeals handed down an opinion in Ex Parte Robbins No. WR-73,484-02 and they determined that 11.073 qualifies as new law and overcomes a ®4 bar of the writ. So the D.A. has effectively denied me access to the courts.

I am now asking you to order the D.A. to turn over the following paper work or inform me of the cost to acquire a copy of the list of paperwork so that I may purchase said from the D.A.'s office.

1. All Doctors reports from Dr. R. Walton and A Dr. Prescott.
2. A copy of the polygraph examination viddeotape and transcript.
3. Affidavits from Christine McMurray and Linda McMurray.
4. A copy of the interview of Victim by Arlette Werthman as well as a copy of the interview of Crystal McRae.

These items are in the possission of the D.A.'s office and are needed to have an expert review them and determine if I have sufficient need to file a writ on the 11.073 section. Please inform of what you determine.


Sincerely,

William McIntosh


I, William McIntosh attest that this a true and correct copy of the letter sent to the judge.

1-10-15

William McIntosh

William McIntosh                         §
pro se                                   §
                                         §
                                         §
County of Jones                          §

### AFFIDAVIT OF INDIGENCY

Comes Now William Arthur McIntosh, Affiant, and he files this his affidavit
of indigency. McInoths attests that he has no earned income and has no source
of income  other than what is gifted to him by friend sand family.


i, William Arthru McIntosh, TDCJ-ID no. 688254, being confied in the
F.M. Robertson Unit in Jones County, Texas; do hereby declare under penalty
o perjury that the foregoing statement is true and correct and is being offered
by myself in GOOD FAITH.


REspectfully submitted,

William McIntosh, pro se